**TUGGLE v. CHANDLER, Judge.**

No. 4423.

United States Court of Appeals Tenth Circuit.

Sept. 5, 1952.

Gus Rinehart, and Butler, Rinehart & Morrison, Oklahoma City, Okl., for petitioner.

Paul L. Washington, Oklahoma City, Okl., for respondent.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Petitioner was granted leave to file an application for a writ of certiorari to review certain actions of the District Court for the Western District of Oklahoma. The application alleges that the petitioner filed suit in that court against Selected Investments Corporation for money damages. The cause was tried to a jury and on June 22, 1951, a verdict was returned in favor of petitioner in the amount of $13,000. On June 26, 1951, the defendant filed a motion for a new trial which the court overruled on November 16, 1951. Among other grounds the motion alleged that the verdict was excessive.

While the defendant was attempting to perfect an appeal, the court, on December 14, 1951, notified the parties by letter that it was dissatisfied with the verdict and would not approve it in excess of $3500. The letter, a copy of which was filed with the Clerk of Court, stated that unless the plaintiff filed a remittitur an order would be entered sustaining the motion for new trial. No such order was ever entered. As the record now stands there is merely an ex-

pression of the court's dissatisfaction with the verdict and what it proposed to do about it.

We recently recognized that the Federal courts have the power to issue all writs not specifically provided for by statute which may be necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law, but we admonished that these writs are not substitutes for authorized appeals and do not confer appellate jurisdiction not otherwise existing. It was pointed out that the writs should be utilized only "in extraordinary or exceptional circumstances to confine lower courts to their jurisdiction or to require them to exercise a mandatory jurisdiction, in the interest of the proper administration of justice." Kanatser v. Chrysler Corporation, 10 Cir., 1952, 199 F.2d 610, 614. The issuance of the writ is within the sound judicial discretion of the court and is not a matter of right. In proper cases the issuance may be withheld even on jurisdictional questions when they are reviewable on appeal.

In the Kanatser case the trial court granted a new trial upon grounds which were without its jurisdiction. We dismissed an appeal from this order. The entire record was before us and the parties stipulated that it might be considered if the writ was granted. Under the circumstances, a majority of this court was of the opinion that the writ should issue and that the record should be considered and the case decided upon its merits. In the case now before us the trial court entered an order overruling a motion for new trial and before an appeal had been taken declared its dissatisfaction with the verdict and indicated that it would reconsider its former order and grant a new trial if a remittitur was not filed and did nothing further. Final disposition of the matter is still within the bosom of the court, and we cannot forecast what that final disposition will be.

The writ is denied.